## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAGOS, INC.,                          :
                                      :
                    Plaintiff,        :        CIVIL ACTION NO.
                                      :
                                      :
          v.                          :
                                      :        JURY TRIAL DEMANDED
                                      :
COASTAL CAVIAR, LLC                   :
                                      :
                    Defendant.        :
                                      :

## COMPLAINT

Plaintiff Lagos, Inc. ("Lagos" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Coastal Caviar, LLC ("Coastal Caviar" or "Defendant"), alleges as follows:

## INTRODUCTION

1.      This lawsuit seeks to hold Coastal Caviar accountable for devising and embarking on an illegal scheme to deceive consumers by infringing Lagos' famous CAVIAR® mark. Coastal Caviar acted in bad faith, with the purpose of harming Lagos' famous mark and illegally diverting sales to Coastal Caviar.  Lagos seeks this Court's assistance in forcing Coastal Caviar to stop misleading consumers, and to award Lagos appropriate compensation for Coastal Caviar's wrongful acts, as well as damages calculated to deter this sort of blatantly illegal conduct in the future.

2.      This is an action for trademark infringement, and related claims of unfair competition and false designation of origin arising under the trademark and unfair competition laws of the United States, 15 U.S.C. § 1051 *et seq.* (also referred to as the "Lanham Act"), for unfair competition and trademark infringement under the common laws of Pennsylvania.

3.      Lagos seeks a permanent injunction to enjoin Coastal Caviar from infringing Lagos' intellectual property rights.  Lagos also seeks an award of damages for Coastal Caviar's unlawful conduct.

## PARTIES

4.      Plaintiff Lagos, Inc. is a Pennsylvania corporation, having its principal place of business at 441 North Fifth Street, Philadelphia, Pennsylvania 19123.

5.      Defendant Coastal Caviar, LLC is a Massachusetts limited liability company, having an address of 6 Beacon Hill Road, Marblehead, Massachusetts 01945.

## JURISDICTION AND VENUE

6.      Lagos' claims arise under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*  Accordingly, the Court has subject matter jurisdiction for these claims under 17 U.S.C. § 501 et seq. and 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331 and 1338(a). The Court also has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The Court has supplemental jurisdiction over Lagos' state law claims under 28 U.S.C. §1367(a).

7.      This Court has personal jurisdiction over Coastal Caviar by virtue of its commission of tortious acts inside and outside of Pennsylvania that have an effect within this state, engages in a persistent course of conduct in the Commonwealth of Pennsylvania and within this District, and expects, or should reasonably expect, its acts to have legal consequences in the Commonwealth of Pennsylvania as a result of acts directed towards the state. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

8.      Coastal Caviar has purposefully directed its activities at Pennsylvania residents, and this litigation results from the injuries that arise out of or relate to those activities. Coastal Caviar operates a commercial business where it sells its jewelry online and in stores in at least

the United States and through its e-commerce website available at www.shopcoastalcaviar.com. Coastal Caviar routinely ships and delivers its jewelry to individuals across the United States, including to those in Pennsylvania and specifically this District.

9.      Coastal Caviar's e-commerce website available at www.shopcoastalcaviar.com allows consumers to purchase and ship products bearing the infringing COASTAL CAVIAR mark to Pennsylvania.

10.     Upon information and belief, as part of Coastal Caviar's business it has engaged in the knowing and repeated transmission of sales of jewelry bearing the infringing COASTAL CAVIAR mark to customers in Pennsylvania.

11.     Upon information and belief, Coastal Caviar sells and has sold jewelry bearing the infringing COASTAL CAVIAR mark to individuals in Pennsylvania and, specifically, in this District.

## FACTUAL BACKGROUND

### Lagos and Its Famous CAVIAR® Trademark

12.     Lagos is a privately held American designer jeweler founded in 1977 by Steven Lagos.

13.     Lagos is engaged in the business of manufacturing, marketing, advertising and selling throughout the United States and the world unique, high-quality jewelry and accessories it designs and creates.  Lagos is known for its jewelry craftsmanship and its unique designs including textured fish-roe-like beading.

14.     It takes hundreds of steps to design and fabricate a single piece of Lagos' jewelry, such as the CAVIAR® branded ones discussed in this Complaint. Some of these steps are shown in the photographs below.

    

15.      Lagos' jewelry is sold in over 200 stores within the United States, including Neiman Marcus, Bloomingdale's, Nordstrom, and independent jewelry retailers throughout the country.  Lagos operates its flagship boutique on Rittenhouse Square in Philadelphia, Pennsylvania.  Celebrities such as Selena Gomez, Benson Boone, Catherine O'Hara, and Jennifer Lopez buy and wear Lagos' jewelry.

16.      In or about 1989, Lagos created and launched its CAVIAR® collection, which includes original designs of arrays of finely crafted sterling silver pieces accented by 18-karat gold, semiprecious gemstones, and patterns of highly polished evenly sized domes in rows that are offset.

17.      Lagos offers and sells several types of jewelry including earrings, bracelets, necklaces, rings, and smart watch bands. These jewelry pieces include many different types of gemstones such as diamonds and materials such as gold and silver.

18.      The price point of LAGOS' jewelry is high and ranges from a couple hundred dollars to tens of thousands of dollars.

19.      Lagos is and has been promoting, offering and selling its jewelry using original and distinctive jewelry designs under two primary trademarks, LAGOS®, its house trademark, and the CAVIAR® trademark.

20.     On July 28, 1992, Lagos obtained U.S. Trademark Registration No. 1,703,128 for CAVIAR® for "jewelry, namely, rings, pins, bracelets, earrings, necklaces and watches" on the Principal Register.

21.     Lagos' CAVIAR® mark is registered as a word mark in standard characters (block letters), without any logo and not in any stylized typeface.  A printout from the U.S. Patent and Trademark Office's ("PTO") online database depicting U.S. Registration No. 1,703,128 is attached hereto as **Exhibit A**.

22.     As a result of substantially exclusive and continuous use of the mark, Lagos' CAVIAR® mark has achieved incontestable status.  The validity of Lagos' CAVIAR® mark and of the registration of the mark, Lagos' ownership of the mark, and its exclusive rights to use this registered mark in commerce for the above-mentioned goods are therefore incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as Lagos has filed the required declaration of incontestability with the Commissioner of Patents and Trademarks.

23.     As a result of Lagos' longstanding use of the CAVIAR® mark to identify its jewelry, the CAVIAR® mark has become famous and has come to identify Lagos as the source of its goods.

24.     Lagos' CAVIAR® collection features original jewelry designs. Examples of the CAVIAR® collection jewelry are depicted below:



25.    Lagos has spent substantial sums of money (over $40 million) advertising its

CAVIAR® products to the jewelry industry, retail outlets and the consuming public in

newspapers, magazines, and by participating in national and international trade shows (such as

the Couture Show and JCK Las Vegas) and in direct mail and electronic mail campaigns. Lagos'

pieces have been praised and recognized in numerous articles appearing in both trade and general

publications, as referenced below:

### MARIE CLAIRE – March 2025



Marie Claire went behind-the-scenes as award-winning actress Da'Vine Joy Randolph got ready to present at the Oscars, wearing a variety of Embrace and Caviar Spark statement styles.

**SHOP EMBRACE> OR SHOP CAVIAR SPARK> OR VIEW THE ARTICLE>**

### VOGUE – March 2025



Vogue included LAGOS on its list of Best Men's Jewelry Brands, highlighting the Anthem sterling silver ball chain bracelet and Black Caviar necklace.

**SHOP ANTHEM> OR VIEW THE ARTICLE>**



Representative samples of articles and press coverage of Lagos' CAVIAR® products are attached hereto as **Exhibit B**.

26.     Lagos has also promoted its CAVIAR® mark via its website, located at www.lagos.com. Printouts from Lagos' website are attached hereto as **Exhibit C**.

27.     Lagos has also promoted its CAVIAR® mark via social media, including its Instagram (@lagos_jewelry) and Facebook (@lagosjewely) accounts which have amassed hundreds of thousands of followers and likes. Screenshots from Lagos' social media accounts are attached hereto as **Exhibit D**.

28.     The goods bearing the CAVIAR® mark and its variations, including SMART CAVIAR FOREVER, SIGNATURE CAVIAR, BLACK CAVIAR, PINK CAVIAR, and CAVIAR BUBBLY, among others, are sold nationwide.

29.     Over the years, Lagos' various CAVIAR® collections have generated more than $250 million in sales.

30.     Lagos has maintained and continues to maintain the highest standards of quality in designing and selling its jewelry under the CAVIAR® mark.

**Coastal Caviar's Competing Jewelry Business and Infringing Activities**

31.     Coastal Caviar is engaged in the jewelry business. Specifically, they offer custom and hand-crafted charm necklaces, bracelets, and bag charms.

32.     Upon information and belief, despite having actual and prior knowledge of Lagos' exclusive rights in the CAVIAR® trademark, Coastal Caviar adopted the COASTAL CAVIAR mark for use in connection with jewelry (hereinafter the "Infringing Mark").

33.     Upon information and belief, on or about December 2023, Coastal Caviar began offering and selling jewelry under the Infringing Mark, as shown below.







Screenshots from Coastal Caviar's website and social media accounts are attached hereto as **Exhibit E**.

34.     Coastal Caviar prominently displays the Infringing Mark on its website (www.shopcoastalcaviar.com), product packaging, branding for its pop-up locations, and at its brick-and-mortar location.

35.      Coastal Caviar sells its jewelry online and in stores in at least the United States and through its e-commerce website available at www.shopcoastalcaviar.com which ships across the United States, including to Pennsylvania.

36.     Coastal Caviar's jewelry has been featured in the press by many of the same publications that have recognized Lagos' CAVIAR® products, including Women's Wear Daily. Printouts from an article published by Women's Wear Daily are attached hereto as **Exhibit F**.

37.     Similar to Lagos, Coastal Caviar advertises its branded jewelry on social media, including on Instagram and TikTok. Screenshots from Coastal Caviar's social media accounts are attached hereto as **Exhibit G**.

38.     On November 14, 2024, Coastal Caviar filed use-based U.S. Trademark Application Serial No. 98850952 for the standard character mark COASTAL CAVIAR for use in connection with "jewelry" in Class 14 (the COASTAL CAVIAR Application"). The COASTAL CAVIAR Application asserted a date of first use in commerce of December 6, 2023.

39.     On December 9, 2024, Lagos, through its counsel, sent a letter to Coastal Caviar's counsel listed at the U.S. Trademark Office for the COASTAL CAVIAR Application advising them of its prior trademark rights in the CAVIAR® trademark for jewelry, and demanding that Coastal Caviar cease use of and withdraw the application for the COASTAL CAVIAR mark in connection with jewelry. Attached hereto as **Exhibit H** is a true and accurate copy of the letter.

40.     Coastal Caviar substantively responded to Lagos' letter on January 16, 2025. Attached hereto as **Exhibit I** is a true and accurate copy of the letter.

41.     On January 30, 2025, Lagos filed a Letter of Protest against the COASTAL CAVIAR Application that asserted there was a likelihood of confusion between COASTAL CAVIAR and Lagos' registered CAVIAR® mark. The Letter of Protest was accepted and a Letter of Protest Memorandum to the Examining Attorney was made of public record in the COASTAL CAVIAR Application prosecution file by the U.S. Trademark Office on February 7, 2025.

42.     On May 16, 2025, Coastal Caviar received an Office Action against the COASTAL CAVIAR Application that refused registration of the COASTAL CAVIAR application because the mark was likely to cause confusion with Lagos' CAVIAR® registration.

43.     Plaintiff sent a further reply on June 9, 2025, that referenced the accepted Letter of Protest and Office Action. Coastal Caviar responded again on July 16, 2025, after counsel for the respective parties discussed the matter in early July 2025. Lagos responded to that communication on July 31, 2025. Copies of these communications are attached to this Complaint as **Exhibits J, K, and L**, respectively.

44.     Instead of responding to the May 16, 2025 Office Action, Coastal Caviar expressly abandoned the COASTAL CAVIAR Application on November 14, 2025.

45.     Coastal Caviar continues to use the COASTAL CAVIAR mark in connection with its jewelry business.

46.     Coastal Caviar has refused to cease its infringing conduct despite being on notice of Lagos' exclusive rights in the CAVIAR® trademark.

47.     Although Coastal Caviar has identified and/or referred to jewelry by a CAVIAR designation, Coastal Caviar is not affiliated with Lagos, nor is its use of a CAVIAR mark otherwise authorized by Lagos. Lagos has no control over the quality of the goods sold and/or promoted by Coastal Caviar.

48.     Upon information and belief, Coastal Caviar intentionally selected the Infringing Mark to be confusingly similar to Lagos' CAVIAR® trademark.

49.     Coastal Caviar's use of the Infringing Mark is at least thirty-five years after Lagos began using its CAVIAR® trademark.

50.     Upon information and belief, there is no possible date of priority that Coastal Caviar could claim that would predate Lagos' dates of priority associated with the CAVIAR® trademark.

51.     Coastal Caviar's use of the COASTAL CAVIAR trademark is similar to Lagos' use of the CAVIAR® trademark, as the only difference between the marks is the inclusion of the term "COSTAL." In fact, Lagos has used the phrase "COASTAL CAVIAR" in an Instagram post to market its "destination worthy" jewelry, as shown below.



52.     Coastal Caviar uses the Infringing Mark for identical goods, specifically jewelry.

53.     Upon information and belief, Coastal Caviar's actions are intentional, with actual and constructive knowledge of Lagos' business, and the CAVIAR® trademark.

54.     Coastal Caviar's jewelry competes with Lagos' jewelry. Both parties' goods are jewelry commonly sold or provided through the same trade channels and used by the same classes of consumers.

55.     Coastal Caviar's unauthorized use of the Infringing Mark is likely to mislead consumers into believing that Coastal Caviar's jewelry is sponsored, licensed, approved by, or is otherwise associated or affiliated with, Lagos and its CAVIAR® trademark.

56.     Upon information and belief, Coastal Caviar adopted, uses, and plans to continue to use the Infringing Mark with the intent and purpose of trading upon the extensive goodwill built up by Lagos in its CAVIAR® trademark and to reap the benefits of the years of effort Lagos invested to create public recognition of the CAVIAR® trademark and jewelry sold thereunder.

57.     Upon information and belief, Coastal Caviar's actions are in bad faith and are likely cause confusion and have led to actual confusion with Lagos.

58.     Coastal Caviar has engaged and continues to engage in deliberate and willful infringement designed to confuse consumers as to the source of Coastal Caviar's jewelry sold under the Infringing Mark and trade upon Lagos' valuable intellectual property, goodwill, and reputation.

59.     Because of Coastal Caviar's infringement of the CAVIAR® trademark, Coastal Caviar has derived revenues and profits attributable to such infringement, the amount of which has yet to be ascertained.  Lagos also has suffered actual damages, including lost profits, in an amount yet to be ascertained, and irreparable harm to its trademark and its goodwill, reputation, market share and advantageous business relationships.

60.     Coastal Caviar's violations of Lagos' rights have caused and are causing harm within the Commonwealth of Pennsylvania because of advertising, promotion, marketing, and sales within the Commonwealth. Coastal Caviar has engaged and is engaging in tortious conduct outside of Pennsylvania that is causing harm within the Commonwealth of Pennsylvania.

### COUNT I
**Trademark Infringement of the CAVIAR® Trademark Under the Lanham Act, 15 U.S.C. § 1114**

61.     Lagos repeats and re-alleges the foregoing paragraphs as though set forth fully herein.

62.     Customers and prospective customers are likely to be confused as to the source of the goods provided or advertised by Coastal Caviar, believing that they originate with, or believing that they are approved by, sponsored by or affiliated with Lagos because of Coastal Caviar's use of the COASTAL CAVIAR mark.

14

63.     Lagos' valuable goodwill and reputation have been injured and continue to be injured because of the likelihood of confusion arising from Coastal Caviar's infringement of the CAVIAR® mark.

64.     Coastal Caviar's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive. Coastal Caviar had actual or constructive notice that Lagos' CAVIAR® mark has been registered in the U.S. Patent and Trademark Office since at least as early as July 28, 1992.  By virtue of the December 9, 2024 letter, Coastal Caviar has been on actual notice of Lagos' CAVIAR® mark in connection with jewelry.

65.     By reason of Coastal Caviar's acts, Lagos has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits that it would have made but for Coastal Caviar's acts.

66.     Coastal Caviar threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Lagos' irreparable damage.

### COUNT II
### Federal Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125

67.     Lagos repeats and re-alleges the foregoing paragraphs as though set forth fully herein.

68.     Coastal Caviar's unauthorized use in commerce of its COASTAL CAVIAR mark constitutes a false designation of origin and false description and representation in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Such use is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of Coastal Caviar with Lagos and as to the origin, connection, sponsorship, or approval of Coastal Caviar's jewelry goods by Lagos.

15

69.     Lagos is entitled to an injunction restraining Coastal Caviar, its directors and officers, agents, servants, employees, and all other persons acting in concert or privity or in participation with it, from engaging in any further such acts in violation of the trademark and unfair competition laws of the United States, and the common law.

70.     Lagos is further entitled to recover from Coastal Caviar all damages, including costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Coastal Caviar as a result of its acts, and treble damages and attorney fees as a result of Coastal Caviar's purposeful acts of unfair competition.

### COUNT III
### Common Law Trademark Infringement Under Pennsylvania Law

71.     Lagos re-alleges and incorporates by reference the preceding allegations as though fully set out herein.

72.     Lagos is the legal owner of the CAVIAR® trademark, which is valid, subsisting, and legally entitled to protection.

73.     Lagos' CAVIAR® trademark is inherently strong, and as a result of Lagos' continuous and substantially exclusive use and substantial advertisement and promotion of goods marketed under the CAVIAR® trademark, the mark has maintains strong commercial distinctiveness and goodwill, and symbolizes the consistent quality of goods offered by Lagos.

74.     Coastal Caviar's unauthorized use of a mark that is confusingly similar to the CAVIAR® trademark infringes upon Lagos' rights therein, has and is likely to continue causing confusion, mistake or deception regarding the origin of the goods offered by Coastal Caviar, and constitutes trademark infringement.

75. Coastal Caviar's acts of complained of herein have caused and, unless enjoined by the Court, are likely to continue to cause Lagos to suffer irreparable harm for which Lagos has no adequate remedy at law.

76. Coastal Caviar's conduct has caused harm to Lagos, and Lagos asserts claims against Coastal Caviar for injunctive relief and damages, including Coastal Caviar's profits, plus costs and attorneys' fees, in an amount to be determined at trial.

77. Coastal Caviar's misconduct constitutes trademark infringement in violation of the Pennsylvania common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Lagos demands judgment as follows:

1. Permanently enjoining Coastal Caviar, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Coastal Caviar from:

    (a) using or authorizing any third party to use as a trademark, service mark, domain name, business name, trade name or symbol of origin: the COASTAL CAVIAR mark and any name or mark incorporating CAVIAR, and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Lagos' CAVIAR® mark in any manner or form, on or in connection with jewelry related goods and services, or in the marketing, advertising and promotion of the same;

    (b) imitating, copying or making any unauthorized use of Lagos' CAVIAR® mark and/or any copy, simulation, variation or imitation thereof;

    (c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Coastal Caviar's goods offered under

the COASTAL CAVIAR mark are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, or authorized by or are otherwise connected with Lagos;

(d)   using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress which falsely associate such goods with Lagos or tend to do so;

(e)   registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin, the COASTAL CAVIAR mark or any mark that incorporates the term CAVIAR in connection with jewelry related goods and services, whether alone or in combination with any other words or designs, or any other mark, trade dress or name that infringes on or is likely to be confused with Lagos' CAVIAR® mark;

(f)   engaging in any other activity constituting unfair competition with Lagos, or constituting an infringement of Lagos' CAVIAR® mark, or confusingly similar variation or Lagos' rights therein; and

(g)   aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (g).

2.   Directing that Coastal Caviar deliver for destruction any products, advertisements, or other materials in their possession, or under their control, incorporating the COASTAL CAVIAR mark in connection with jewelry related goods and services, and/or variations or

18

colorable imitations thereof, whether used alone or in combination with other words and/or designs.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service sold, distributed, licensed or otherwise offered, circulated or promoted by Coastal Caviar are authorized by Lagos or related in any way to Lagos' goods offered under the CAVIAR® mark.

4.      Directing that Coastal Caviar file with the Court and serve upon Lagos' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Coastal Caviar have complied therewith.

5.      Awarding Lagos such damages as it has sustained or will sustain by reason of Coastal Caviar's trademark infringement and unfair competition.

6.      Awarding Lagos Coastal Caviar's profits, along with enhanced damages under 15 U.S.C. § 1117.

7.      Awarding Lagos exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

8.      Awarding Lagos its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

9.      Awarding Lagos interest, including pre-judgment interest, on the foregoing sums.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues and claims for relief that are so triable.

Dated: January 23, 2026                    BY: /s/ Tyler R. Marandola
                                                                       Tyler R. Marandola (Pa. No. 313585)
                                                                      Christinane S. Campbell (Pa. No. 200640)
                                                                      DUANE MORRIS LLP
                                                                      30 South 17th Street
                                                                       Philadelphia, PA 19103
                                                                      Phone (215) 979-1000
                                                                      Fax (215) 979-1020

                                                               *Attorneys for Plaintiff Lagos, Inc.*